JS 44   (Rev. 11/04)                                  CIVIL COVER SHEET                                                APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Maria H. Helm

**DEFENDANTS**
Matrix Service Industrial Contractors, Inc.

**(b)** County of Residence of First Listed Plaintiff   Gloucester County, NJ
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Delaware County, PA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Stephanie J. Mensing/Wisniewski & Mensing, LLP, 1616 Walnut St. Ste. 710, Philadelphia, PA 19103  215-735-2171

Attorneys (If Known)

**II. BASIS OF JURISDICTION**   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT**   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

**V. ORIGIN**   (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 2000e
Brief description of cause:
sex discrimination

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**   (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  11/2/2007
SIGNATURE OF ATTORNEY OF RECORD  /s/ Stephanie Mensing

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT                                                                APPENDIX F

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: c/o Wisniewski & Mensing, LLP, 1616 Walnut St. Ste. 710, Philadelphia, PA 19103

Address of Defendant: 1500 Chester Pike, Eddystone, PA 19022

Place of Accident, Incident or Transaction: Salem, New Jersey
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐   No☐   UNKNOWN

Does this case involve multidistrict litigation possibilities?                                  Yes☐   No☒
RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                                                Yes☐   No☐
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?                                                                               Yes☐   No☐
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?                                                                              Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*                                  B. *Diversity Jurisdiction Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts   1. ☐ Insurance Contract and Other Contracts
2. ☐ FELA                                                          2. ☐ Airplane Personal Injury
3. ☐ Jones Act-Personal Injury                                     3. ☐ Assault, Defamation
4. ☐ Antitrust                                                     4. ☐ Marine Personal Injury
5. ☐ Patent                                                        5. ☐ Motor Vehicle Personal Injury
6. ☐ Labor-Management Relations                                    6. ☐ Other Personal Injury (Please specify)
7. ☒ Civil Rights                                                  7. ☐ Products Liability
8. ☐ Habeas Corpus                                                 8. ☐ Products Liability — Asbestos
9. ☐ Securities Act(s) Cases                                       9. ☐ All other Diversity Cases
10. ☐ Social Security Review Cases                                    (Please specify)
11. ☐ All other Federal Question Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Stephanie J. Mensing, Esquire _____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 11/2/07            _____        89625
                         Attorney-at-Law                Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/2/07            _____        89625
                         Attorney-at-Law                Attorney I.D.#

CIV. 609 (4/03)

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Maria H. Helm : CIVIL ACTION

v. :

Matrix Service Industrial : NO.
Contractors, Inc.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (✓)

| 11/2/2007 | Stephanie J. Mensing | Maria H. Helm |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiff |
| 215-735-2171 | 215-359-2741 | smensing@wm-law.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

WISNIEWSKI & MENSING, LLP        ATTORNEY FOR PLAINTIFF
BY: STEPHANIE J. MENSING, ESQUIRE
IDENTIFICATION NUMBER: 89625
1616 Walnut Street – Suite 710
Philadelphia, Pennsylvania 19103
(215) 735-2171; FAX (215) 359-2741

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIA H. HELM | CIVIL ACTION |
| Plaintiff, | NO. |
| v. | JURY TRIAL DEMANDED |
| MATRIX SERVICE INDUSTRIAL CONTRACTORS, INC. | |
| Defendant. | |

### COMPLAINT

### INTRODUCTION

Plaintiff MARIA H. HELM, by her undersigned counsel, brings this action pursuant to the law cited herein against Defendant MATRIX SERVICE INDUSTRIAL CONTRACTORS, INC. seeking relief from the employment discrimination and harassment committed by the Defendant.

### JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this action and adjudicate the claims herein pursuant to 28 U.S.C. §§ 1331, 1343. This is an action arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., ("Title VII").

1

2.  All jurisdictional prerequisites to bringing this action have been satisfied because:

    (a)  Plaintiff filed a timely complaint with the EEOC and the EEOC has issued a right to sue letter in this matter.

    (b)  The Right to Sue Notice was issued on August 9, 2007 and is attached hereto as Exhibit "A".

3.  Venue is appropriate in the Eastern District of Pennsylvania because the Defendant is doing business and/or may be served with process therein.

## THE PARTIES

4.  Plaintiff MARIA HELM ("Plaintiff") is an adult female and is a citizen and resident of the United States.

5.  Defendant MATRIX SERVICE INDUSTRIAL CONTRACTORS, INC. ("Defendant") is an Oklahoma corporation registered to do business in Pennsylvania as a foreign corporation. Defendant is an industrial general contracting firm hiring electricians, millwrights, carpenters, laborers, pipe fitters, instrumentation techs, ironworkers, operators, estimators, and supervisors with its Pennsylvania regional office located at 1500 Chester Pike, Eddystone, Pennsylvania 19022. Defendant employs more than five hundred (500) employees in the United States.

6.  Defendant is an employer within the meaning of Section 701(b) of Title VII of the Civil Rights Act of 1964, as amended.

2

## PLAINTIFF'S ALLEGATIONS

7. Plaintiff has been an electrician since 1992 and has been in construction for approximately twenty years.

8. Plaintiff is a member of the International Brotherhood of Electrical Workers Labor Union #351 ("IBEW 351").

9. The IBEW 351 maintains a list of qualified electricians who are available for work.

10. When an industrial general contracting firm that is affiliated with the IBEW 351, such as Defendant, needs to hire an electrician, it is required to accept the next available electrician on the IBEW 351 list.

11. On August 14, 2006, Plaintiff was at the top of IBEW 351's list of available electricians and, as a result, began working for Defendant as a Journeyman Electrician.

12. Defendant hired Plaintiff out of its Eddystone, Pennsylvania office.

13. Defendant assigned Plaintiff to the Salem Nuclear General Facility in New Jersey.

14. While assigned to the Salem Nuclear General Facility, Plaintiff often worked as Foreman on various assignments.

15. On August 16, 2006, Plaintiff was promoted to Foreman for the "Rubb building job," which job lasted until September 8, 2006.

16. On September 12, 2006, Plaintiff was again promoted to Foreman for a "temporary power and light," which job lasted approximately four weeks.

17. On October 8, 2006, Plaintiff was promoted General Foreman for the nightshift.

18. As General Foreman, Plaintiff oversaw work on maintenance projects and temporary power and light at Salem Nuclear General Facility.

19. On October 30, 2006, Plaintiff was promoted to Foreman for "traveling screen job," which lasted approximately one week.

20. On November 3, 2006, the nightshift at Salem Nuclear General Facility ended and on November 6, 2006, Plaintiff returned to work on the dayshift at Salem Nuclear General Facility.

21. When Plaintiff returned to the dayshift at Salem Nuclear General Facility, Phil Lynch ("Lynch") became Plaintiff's supervisor.

22. From November 6, 2006 through January 11, 2007, Lynch, in his capacity as Plaintiff's supervisor, began harassing Plaintiff because of Plaintiff's sex, female. Lynch:

(a) made discriminatory comments to Plaintiff;

(b) undermined Plaintiff's authority in front of male workers in an attempt to embarrass and humiliate Plaintiff; and

(c) attempted to replace Plaintiff as Foreman with male workers on shifts where Plaintiff worked as Foreman.

23. Lynch's actions created a hostile work environment.

24. Plaintiff complained to Ivan Shimp, General Foreman, about Lynch's harassment and discrimination of Plaintiff.

25. On January 11, 2007, Defendant laid Plaintiff off, based on Plaintiff's sex and in retaliation for Plaintiff's complaints of sex discrimination.

26. Defendant replaced Plaintiff with a male worker.

27. The male worker who replaced Plaintiff was less qualified than Plaintiff.

## COUNT I

### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000E, ET, SEQ. - SEX DISCRIMINATION

28. Plaintiff incorporates by reference paragraphs 1 through 27 as though the same were set forth at length herein.

29. Defendant has discriminated against Plaintiff with respect to the terms and conditions of employment because of Plaintiff's sex in violation of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. § 2000e, et. seq., as amended by the Civil Rights Act of 1991.

30. Defendant's conduct has been intentional, deliberate, willful, and in callous disregard of Plaintiff's rights.

31. Defendant's policies and practices have harmed Plaintiff with respect to the terms and conditions of her employment.

32. By reasons of Defendant's discrimination, harassment, and retaliation, Plaintiff is entitled to all legal and equitable remedies available under Title VII.

**WHEREFORE**, Plaintiff respectfully requests this Court to:

(a) issue a Declaratory Judgment declaring that Defendant's actions, as set forth in this Complaint, violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e et seq.

(b) Enjoin and restrain Defendant and all other persons acting on behalf of, or in concert with, Defendant from engaging in such unlawful practices.

(c) Enter judgment in favor of Plaintiff, and against Defendant, for back pay in the amount of wages and fringe benefits it is determined that Plaintiff lost as a result of Defendant's unlawful conduct, together with interest.

(d) Enter judgment in favor of Plaintiff and against Defendant, placing Plaintiff in the position she would have had absent Defendant's unlawful conduct. In the alternative, award Plaintiff front pay in the amount of wages and benefits it is determined that Plaintiff would lose because of Defendant's unlawful conduct.

(e) Enter judgment in favor of Plaintiff, and against Defendant, for compensatory and punitive damages, as allowable by law, including but not limited to, damage for mental anguish and humiliation, together with interest in a total amount in excess of $150,000.00.

(f) Award Plaintiff reasonable attorneys' fees together with the costs of this action.

(g) Award such other and further legal and equitable relief as may be necessary and appropriate to redress fully the deprivation of Plaintiff's rights, to prevent their recurrence in the future and to protect other employees from such unlawful behavior.

## JURY DEMAND

Plaintiff hereby demands a jury to try all claims triable by jury.

By: _____
Stephanie J. Mensing, Esquire
Attorney for Plaintiff

WISNIEWSKI & MENSING, LLP
BY: STEPHANIE J. MENSING, ESQUIRE
IDENTIFICATION NUMBER: 89625
1616 Walnut Street – Suite 710
Philadelphia, Pennsylvania 19103
(215) 735-2171; FAX (215) 359-2741

Dated:          November 2, 2007

EEOC Form 161 (10/96)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Maria Helm  
63 Mill Road  
Swedesboro, NJ 08085

From: EEOC Philadelphia District Office  
801 Market Street  
Penthouse, Suite 1300  
Philadelphia, PA 19107-3126

[ ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2007-01639 | Legal Unit | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ] We cannot investigate your charge because it was not filed within the time limit required by law.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_Marie M. Tomasso_ , District Director      August 9, 2007 *(Date Mailed)*

Enclosure(s)

cc: Matrix Industrial Contractors  
James White, Human Resources Manager  (For Respondent)

# Exhibit "A"